**In the United States District Court
for the Northern District of Illinois
Eastern Division**

| | |
|---|---|
| Kuiper Ventures LLC, | |
| Plaintiff, | Case No. 25-cv- 14422 |
| v. | JURY DEMANDED |
| The Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associates Identified on Schedule A, | Dist. Judge Robert W. Gettleman |
| | Mag. Judge Jeannice W. Appenteng |
| Defendants | |

**SEALED TEMPORARY RESTRAINING ORDER**

Plaintiff, Kuiper Ventures LLC ("Plaintiff"), filed an Ex Parte Motion for Entry of a Temporary Restraining Order, Including a Temporary Injunction, a Temporary Asset Restraint and Expedited Discovery, Doc. 9, (the "Motion") against the e-commerce store operating under the seller alias identified in Schedule A to the Complaint and attached hereto ("Defendant") and the online marketplace account identified in Schedule A (the "Online Marketplace"). It also filed a motion to seal its memorandum in support of the Motion (the "Motion to Seal"). (Doc. 12). After reviewing the Motion, the Motion to Seal, the accompanying record, this Court GRANTS Plaintiff's Motion as follows and Motion to Seal as follows.

This Court finds that it has personal jurisdiction over the Defendant because Defendant directly targeted their business activities toward consumers in the United States, including Illinois. Specifically, Plaintiff has provided a basis to conclude that the Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases,

offer shipping to the United States, including Illinois, and have sold products using

infringing products of Plaintiff's registered trademarks, namely EVERSNUG and 

with U.S. registration numbers 6,129,426 and 9,7049,699. (the "Plaintiff's Trademarks")

to residents of Illinois. In this case, Plaintiff has presented screenshot evidence that the

Defendant's e-commerce store is reaching out to do business with Illinois residents by

operating one or more commercial, interactive internet stores using either marks

infringing Plaintiff's Trademarks or counterfeits of Plaintiff's Trademarks which Illinois

residents can and do purchase infringing products. *See* Docs. 11-3, 4 (including

screenshot evidence confirming that the Defendant stood ready, willing and able to ship

its infringing goods to customers in Illinois).

This Court also finds that issuing this Order without notice pursuant to Rule

65(b)(1) of the Federal Rules of Civil Procedure is appropriate because Plaintiff has

presented specific facts in the Declaration of Nathan Jermolenko (Doc. 11-3) in support

of the Motion and accompanying evidence clearly showing that immediate and

irreparable injury, loss, or damage will result to the movant before the adverse party can

be heard in opposition. Specifically, in the absence of an ex parte Order, Defendant

could and likely would move any assets from accounts in financial institutions under

this Court's jurisdiction to off-shore accounts. Accordingly, this Court orders that:

1. Defendant, its officers, agents, servants, employees, attorneys, and all persons
   acting for, with, by, through, under, or in active concert with Defendant be
   temporarily enjoined and restrained from manufacturing, selling, offering for
   sale, importing, shipping, delivering, holding for sale, transferring or

otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff nor authorized by Plaintiff to be sold or offered for sale, which infringe the Plaintiff's Trademarks.

2. Defendant shall not transfer or dispose of any money or other of Defendant's assets in any of Defendant's financial accounts.

3. Plaintiff is authorized to issue expedited written discovery to the Defendant, pursuant to Federal Rules of Civil Procedure 33, 34, and 36, related to:

   a. the identities and locations of the Defendant, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

   b. the nature of Defendant's operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Online Marketplace and Defendant's financial accounts, including Defendant's sales and listing history related to its Online Marketplace; and

   c. any financial accounts owned or controlled by Defendant, including its officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with Defendant, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal, Inc. ("PayPal"), Amazon Pay, or

other merchant account providers, payment providers, third party

processors, and credit card associations (e.g., MasterCard and VISA).

4. Upon Plaintiff's request, any third party with actual notice of this Order who

is providing services for the Defendant, or in connection with any of

Defendant's Online Marketplace, including, without limitation, any online

marketplace platforms such as Amazon.com, Inc. and Temu.com (collectively,

the "Third Party Providers"), shall, within seven (7) calendar days after receipt

of such notice, provide to Plaintiff expedited discovery, limited to copies of

documents and records in such person's or entity's possession or control

sufficient to determine:

    a.  the identities and locations of Defendant, its officers, agents, servants,

        employees, attorneys, and any persons acting in active concert or

        participation with Defendant, including all known contact information

        and all associated e-mail addresses;

    b.  the nature of Defendant's operations and all associated sales, methods

        of payment for services, and financial information, including, without

        limitation, identifying information associated with the Online

        Marketplace and Defendant's financial accounts, including Defendant's

        sales and listing history related to its Online Marketplace; and

    c.  any financial accounts owned or controlled by the Defendant, including

        its officers, agents, servants, employees, attorneys, and any persons

        acting in active concert or participation with Defendant, including such

        accounts residing with or under the control of any banks, savings and

        loan associations, payment processors or other financial institutions,

including, without limitation, PayPal, Amazon Pay, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

5. Upon Plaintiff's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 4, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendant in connection with the sale of goods of infringing Plaintiff's Trademarks.

6. Any Third Party Providers, including PayPal and Amazon Pay, shall, within seven (7) calendar days of receipt of this Order:

    a. locate all accounts and funds connected to Defendant's seller aliases, including, but not limited to, any financial accounts connected to the information listed in Schedule A hereto, and any e-mail addresses provided for Defendant by third parties; and

    b. restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendant's assets until further order by this Court.

7. Plaintiff must provide notice to the Defendant of any motion for preliminary injunction as required by Rule 65(a)(1).

8. This Order shall remain sealed until further order by this Court or until the Order expires, whichever occurs earlier.

9. Plaintiff's Memorandum in Support of the Motion shall remain sealed until further order by this Court or until the Order expires, whichever occurs earlier.

5

10. Within seven (7) calendar days of entry of this Order, Plaintiff shall deposit with the Court $3,000 either cash or surety bond, as security, which amount has been deemed adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful restraint hereunder.

11. The Defendant subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and the Northern District of Illinois Local Rules. Any third party impacted by this Order may move for appropriate relief.

12. This Temporary Restraining Order without notice is entered at 8:00 A.M. on this 22nd day of December, 2025 and shall remain in effect for fourteen (14) calendar days. Any motion to extend this Order must be filed by December 30, 2025.

Entered: _____December 22, 2025_____

Robert W. Gettleman,
United States District Court Judge

6